## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SONIA COFFEE
      Plaintiff

  v.

VILLAGE OF UNIVERSITY PARK and
DEBORAH WILSON,
      Defendants

No. 23 CV 17111

Judge Jeremy C. Daniel

### ORDER

Defendant Village of University Park's motion to dismiss [13], joined by Defendant Deborah Wilson [21, 28], is granted as to Counts I, IV, V, and VII–IX and denied as to Count II. The defendants shall answer the complaint by November 11, 2024. The October 22, 2024, status hearing is stricken.

### STATEMENT

Plaintiff Sonia Coffee filed this action against the Village of University Park ("University Park") and Deborah Wilson, the former Chief of the University Park Police. (R. 1.)[1] Coffee alleges false arrest, malicious prosecution, unlawful seizure, and excessive force under 42 U.S.C. § 1983 against Wilson and University Park (Counts I, II, V, and VIII, respectively). The complaint also seeks indemnification against University Park (Count III) and alleges Illinois state law claims of false arrest (Count IV), malicious prosecution (Count VI), willful and wanton misconduct (Count VII), and battery (Count IX).

The complaint alleges that Coffee is the manager of a golf course in University Park. (R. 1 ¶ 6, 9.)[2] On November 4, 2021, Wilson visited the golf course and allegedly entered using a crowbar. (*Id.* ¶ 6.) Sometime thereafter, University Park issued a memorandum prohibiting Wilson from the golf course absent prior notice to the golf course. (*Id.* ¶ 7.)

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] The following description of the factual allegations underlying Coffee's claims is drawn from the complaint and is presumed true for the purpose of resolving the pending motion. *See Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Nevertheless, Wilson allegedly returned to the golf course on December 16, 2021. (*Id.* ¶ 8.) Coffee, and another golf course employee, Devaughn Mathus, were present. (*Id.* ¶ 9.) That day, Wilson refused to leave the golf course despite being told Coffee was unavailable. (*Id.* ¶ 12.) Wilson then encountered Coffee as she exited her office; Wilson did not explain why she was at the golf course. (*Id.* ¶ 10.) Wilson's alleged "presence, statements, demeanor, and behavior" demonstrated that she sought to "provoke an incident," causing the golf course employees to feel "concerned and uncomfortable." (*Id.* ¶ 11.) When Coffee tried to retreat into her office, Wilson prevented Coffee from closing the door by placing her foot on the door. (*Id.* ¶ 15.) Wilson then "initiated physical contact" with Mathus and Coffee by pushing herself into Coffee's office, which "startled and confused" Mathus and Coffee. (*Id.* ¶¶ 16–17, 21.) Wilson then allegedly began shouting that she was being choked and assaulted. (*Id.* ¶¶ 19–20.) Coffee alleges Wilson did so to "wrongfully claim the authority to use force against . . . Mathus." (*Id.* ¶ 20.)[3]

Police arrived later and Wilson ordered them to arrest Coffee. (*Id.* ¶ 22.) Wilson then personally handcuffed Coffee and put her in a police vehicle. (*Id.*) The complaint alleges that Wilson used excessive force in arresting and transporting Coffee. (*Id.*) The complaint further alleges that Wilson caused false criminal charges to be filed against Coffee in Will County. (*Id.* ¶ 24.) Coffee appeared before Judge Barrett of the Twelfth Judicial Circuit of Illinois on December 17, 2021. (R. 27-1 at 4.)[4] Judge Barrett found "probable cause to continue [Coffee's] detention." (*Id.*) Coffee was arraigned on January 7, 2022. (R. 26 ¶¶ 9–10.) Following a trial on or about April 13, 2023, Coffee's charges were dismissed. (R. 1 ¶ 28.) Coffee filed her complaint on December 27, 2023. (*See generally id.*)

Before the Court is University Park's motion to dismiss Coffee's claims regarding her arrest, Counts I, IV, V, and VII–IX. Alternatively, University Park seeks dismissal of Counts I, II, V, VIII for failing to plausibly allege liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978) against University Park. The Court granted Wilson's motion to join University Park's motion. (R. 21; R. 28.)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiffs' favor. *In re Abbott Labs.*

---

[3] Mathus also brings his own suit alleging false arrest and related claims arising out of these facts. *See generally Mathus v. Vill. of Univ. Park et al*, No. 23 CV 17111, R. 24.

[4] The Court is permitted to take judicial notice of public records, such as the docket from the Twelfth Judicial Circuit of Illinois without converting a motion to dismiss into a motion for summary judgment. *Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020).

*Derivative S'holder Litig.*, 325 F.3d 795, 803 (7th Cir. 2003). However, the Court is under no obligation to ignore allegations by the plaintiff that undermine the complaint. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). A plaintiff can thus plead themselves out of court by alleging sufficient facts to defeat the claims asserted. *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

## Timeliness

University Park argues that Counts I, IV, V, and VII–IX should be dismissed as untimely. (R. 14 at 2.) In their view, these claims accrued either on the date of Coffee's arrest, December 16, 2021, or when she appeared before Judge Barrett the following day. (*Id.*) Because the applicable statutes of limitation for § 1983 claims is two years, *Brooks v. Ross*, 578 F.3d 574, 578–79 (7th Cir. 2009), and Illinois claims is one-year, 745 ILCS 10/8-101, University Park asserts that these claims, asserted in Coffee's complaint filed on December 27, 2023, are too late. (*Id.*)

"While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks*, 578 F.3d at 579 (citation omitted). The Court considers University Park's timeliness argument at the present stage "because the relevant dates are set forth unambiguously in the complaint." *See, e.g.*, *id.* (affirming dismissal of complaint in part due to untimeliness). Coffee concedes that her state law claims, Counts IV, VII, and IX, are time-barred. (R. 26 ¶ 5.) But she argues that her § 1983 claims, Counts I, V, and VIII should survive dismissal because they were filed within two years of her arraignment date, January 7, 2022, which she asserts is the correct accrual date for these claims. (*Id.* ¶¶ 9–10.)

Coffee derives her position from *Wallace v. Kato*, 549 U.S. 384 (2006), where the Supreme Court "found that a claim for false arrest or false imprisonment accrue[s] at the time the individual is brought before a magistrate or arraigned on charges." *Par. v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010) (summarizing *Wallace*). The Court reasoned "that the claim cannot accrue until the tort of false imprisonment ends," during which the victim will be likely unable to sue while wrongly imprisoned. *Id.* (discussing *Wallace*, 549 U.S. at 390). Because "false imprisonment consists of detention without legal process" the Court provided that the tort ends "once the victim becomes held pursuant to" legal process, "when, for example, [s]he is bound over by a magistrate *or* arraigned on charges." *Id.* (discussing *Wallace*, 549 U.S. at 389) (emphasis added). Accordingly, "the tort of false arrest is complete, and therefore begins to accrue, once the individual is brought before a magistrate[.]" *Id.* at 681–82.

Here, Coffee appeared before Judge Barrett on December 17, 2021, and he found that her detention was supported by probable cause. (R. 27-1 at 4.) This finding constitutes detention pursuant to process under *Wallace*, and so the alleged tort of false imprisonment ended that day. (*See id.*) Accordingly, Coffee's false arrest and unlawful

3

detention claims accrued on December 17, 2021, and so these claims are time-barred. Similarly, Coffee's excessive force claim accrued when the allegedly unlawful force was applied, December 16, 2021, and so this claim is also time-barred. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (providing that "excessive force during an arrest . . . accrues immediately" upon arrest).

The motion to dismiss Counts I, IV–V, and VII–IX is therefore granted.

### *Monell* **Liability**

University Park also seeks to dismiss Coffee's remaining § 1983 claim, Count II, for failing to plausibly allege *Monell* liability. (R. 14 at 3.) The *Monell* allegations against University Park in this complaint are nearly identical to those asserted in related case *Mathus v. Village of University Park*, No. 23 C 15352. (*Compare Coffee v. Vill. of Univ. Park*, No. 23 C 17111, R. 1 ¶¶ 22, 32, 36 *with, Mathus v. Vill. of Univ. Park*, No. 23 C 1532, R. 24 ¶¶ 23, 29, 31.) University Park raises nearly identical arguments against *Monell* liability in both cases. (*Compare Coffee v. Vill. of Univ. Park*, No. 23 C 17111, R. 14 at 3–5 *with, Mathus v. Vill. of Univ. Park*, No. 23 C 1532, R. 31 at 2– 6.) For the reasons discussed more fully in the order denying University Park's motion to dismiss the complaint in *Mathus*, the complaint here sufficiently supplies factual matter to present a story that holds together supporting *Monell* liability. *See McCauley v. City of Chi.* 671 F.3d 611, 616 (7th Cir. 2011). Namely, it alleges that Wilson acted as a final policy maker when she ordered Coffee arrested without probable cause. (*See* R. 1 ¶¶ 22, 32, 36.) Granting Coffee all reasonable inferences in her favor, these allegations support an inference that Wilson was acting as a final policymaker when she ordered Coffee's arrest. Because "a single act or decision of a final policymaker can establish municipal policy," *McGreal v. Ostrov*, 368 F.3d 657, 685 (7th Cir. 2004) (quoting *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994), the complaint also supports an inference that Wilson's arrest order was a decision that constituted municipal policy. And the allegation that Coffee was indeed arrested pursuant to Wilson's order, (R. 1 ¶ 31), permits the inference that she did have final policymaking authority with respect to arrest decisions. University Park's motion to dismiss Count II is therefore denied.

Date:  October 21, 2024

_____
JEREMY C. DANIEL
United States District Judge